**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Tyrone Sturgeon,              )
                              )
       Plaintiff,         ) Case No. 1:12-CV-833
                              )
  vs.                         )
                              )
Commissioner of Social Security, )
                              )
       Defendant.         )

O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of December 17, 2013 (Doc. No. 22) and Plaintiff Tyrone Sturgeon's objections to the Report and Recommendation. Doc. No. 23.  In her Report and Recommendation, Judge Litkovitz concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence.  Judge Litkovitz, therefore, recommended that the ALJ's decision be affirmed and this case be closed on the docket of the Court.  The sole issue presented by Plaintiff's objections to the Report and Recommendation is Judge Litkovitz's conclusion that the ALJ, in accordance with the Social Security regulations, correctly considered the combined effect of Plaintiff's severe and non-severe impairments in determining that Plaintiff is not disabled.  Finding no error in Judge Litkovitz's analysis of the ALJ's decision, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ is **AFFIRMED**.

I. Background

Magistrate Judge Litkovitz provided a thorough summary of the medical evidence and opinions in her report. It is not necessary for the Court to repeat that summary to resolve Plaintiff's objections to the Report and Recommendation.

Plaintiff filed a claim for Supplement Security Income based on impairments of a bulging disc and pinched nerve in his back, degenerative disc disease, and bi-polar disorder. Tr. 80. In developing Plaintiff's physical and mental residual functional capacity, the ALJ relied on the opinions of Dr. Goren, a medical expert who testified at Plaintiff's evidentiary hearing, and Dr. Pawlarcyk, a state agency psychologist. Tr. 1184.

As is relevant here, the ALJ determined that Plaintiff has severe impairments of "degenerative disc disease and a history of remote left knee surgery, severe in combination; mood disorder/bipolar disorder, estimated borderline to low average intelligence; and a history of polysubstance abuse and drug-seeking behavior." Tr. 870. The ALJ noted Plaintiff's history of bilateral elbow surgeries and alleged problems using his upper extremities, but relied on Dr. Goren's testimony to find that there was no objective evidence to support a severe impairment or any other musculoskeletal problems beside his back and left knee. The ALJ noted Plaintiff's complaints of daily headaches, but also noted that Plaintiff treated them with Tylenol and that there was no other evidence suggesting that his headaches establish a severe impairment. The ALJ also noted Plaintiff's complaints of urinary incontinence but she also observed that in his most recent emergency room visit, he denied problems with incontinence and that records from his pain management physician did not reflect complaints of incontinence.

Id. The ALJ did not discuss or make any findings concerning whether Plaintiff has any non-severe mental impairments. Id.

The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals one of the Listings. Tr. 870-871. The ALJ then found that Plaintiff has the physical RFC to perform a reduced range of work at the light level of exertion - he can lift and carry 10 pounds frequently, and 20 pounds occasionally; no restrictions on standing, walking or sitting; occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no rope, ladder or scaffold climbing and no working at unprotected heights. The ALJ found that Plaintiff's mental RFC would not permit him to work in high-stress environments but that he can perform moderately complex tasks without strict production demands. Tr. 871.

This RFC ruled out Plaintiff's past relevant work as a jockey, which is classified as medium work. However, based on the testimony of the vocational expert, the ALJ found that Plaintiff can perform such jobs as unskilled light cleaner, stock clerk, surveillance system monitor, inspector, and clerical worker, and that these jobs exist in significant numbers in the national economy. Tr. 882. The ALJ concluded, therefore, that Plaintiff is not disabled under the Social Security regulations and denied his claim for SSI benefits. Id.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making that the final decision of the Commissioner of Social Security. Plaintiff then filed a complaint for judicial review of the ALJ's decision which raised four assignments of error. The only issue before the Court, however, is Plaintiff's second assignment of error, which alleged that the ALJ failed to consider the combined effects of his severe

and non-severe impairments. Specifically, Plaintiff argued that in relying on Dr. Goren's testimony, which addressed only his back and knee problems, the ALJ ignored evidence of his other impairments, including a history of a radial head fracture, bunions and plantar faciitis, arthritis in his hips, and degenerative changes in his neck and thoracic spine. Plaintiff also argued that the ALJ ignored evidence supporting a lumbar impairment, including clonus, upgoing toes on Babinksi testing, and hyperreflexia. Plaintiff then argued that the ALJ failed to consider the interplay between his psychological impairments and his mental impairments because the psychological expert who testified at the evidentiary hearing, Dr. Schwartz, addressed only his psychological impairments. Finally, Plaintiff argued that the ALJ failed to address evidence showing that his pain and medications negatively affect his concentration, persistence, and pace. Doc. No. 14, at 17-18.

      Magistrate Judge Litkovitz rejected this assignment of error in her report. Judge Litkovitz first noted that in her decision the ALJ discussed both Plaintiff's physical and mental impairments and included exertional and non-exertional limitations in her RFC findings. Judge Litkovitz also observed the ALJ found that Plaintiff does not have a "combination of impairments" that meet or equal a listed impairment. Citing Gooch v. Secretary of HHS, 833 F.2d 589, 592 (6th Cir. 1987), Judge Litkovitz's report indicates that these aspects of the ALJ's decision show that she did comply with her duty to consider the combined effect of Plaintiff's severe and non-severe impairments in determining whether Plaintiff is disabled. Judge Litkovitz also noted that while Plaintiff cited evidence of additional alleged impairments, such as his radial head fracture, plantar faciitis and bunions, he failed to cite evidence showing that these impairments

4

impose additional functional limitations. Finally, Judge Litkovitz rejected Plaintiff's contention that the ALJ failed to consider the interplay between his mental and physical problems as being speculative. Judge Litkovitz also pointed out that Plaintiff failed to cite any evidence showing that he has additional mental functional limitations caused by his medications and pain. Doc. No. 22, at 13-17. Judge Litkovitz concluded, therefore, that the ALJ properly considered the combined effect of Plaintiff's impairments.

Judge Litkovitz also rejected Plaintiff's other three assignments of error in her report and recommended that the ALJ's decision be affirmed. As stated above, Plaintiff objects only to Judge Litkovitz's resolution of his second assignment of error. Plaintiff's objections are now ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v.

Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

The Social Security regulations require the ALJ to consider the combined effect of the claimant's severe and non-severe impairments in determining disability. 20 C.F.R. § 404.1523 ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity."). As Judge Litkovitz correctly observed in her report, the fact that the ALJ referred to Plaintiff's "combination of impairments" in concluding that he does not meet a listed impairment strongly suggests that she did consider the combined effect of his impairments. Gooch, 833 F.2d at 592. The ALJ also stated that she considered "all of his symptoms" in developing his RFC, Tr. 871, and also referred to Plaintiff's "impairments" in assessing his credibility and subjective complaints concerning the effects of his symptoms. Tr. 876. Again, these statements indicate that the ALJ fully considered the combined effect of all of Plaintiff's impairments in reaching her disability determination.

Moreover, as Judge Litkovitz correctly found, although Plaintiff identified evidence of alleged additional impairments, he failed to point to any evidence suggesting that these impairments result in functional limitations not already found by the ALJ to be present. For instance, Plaintiff was in no apparent distress after suffering his radial head fracture and was discharged home after an overnight stay in the hospital. Tr. 686. Plaintiff was treated for bunions and plantar faciitis, but the podiatrist's treatment notes do not indicate any limitations these conditions impose. Tr. 653-655. Degenerative hip disease was noted, but it was also described as mild to moderate in one report. Tr. 491. Although an MRI did reveal degenerative changes in Plaintiff's neck and thoracic spine, the report repeatedly refers to its findings as mild, moderate, or even unremarkable. Tr. 1423-1425. Plaintiff's clonus was described as "old" and would be treated conservatively. Tr. 1420. The medical records do not indicate any specific problems caused by findings of hyperreflexia. Tr. 1422.

Nothing in these records suggest that these impairments cause functional limitations not already taken into consideration by the ALJ. Indeed, the record suggests that they do not result in any functional limitations at all. Plaintiff's objections to Judge Litkovitz's report contend that these impairments support a finding that he has a significant spinal cord impairment. The relevant issue, however, is not whether the evidence supports Plaintiff's disability claim but rather whether substantial evidence supports the ALJ's decision. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001) ("[W]e must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.")(internal quotation marks omitted).

Judge Litkovitz also correctly found that there is no evidence to support Plaintiff's contention that the ALJ did not consider the interplay between his mental and physical conditions.  And, in any event, Plaintiff failed to cite any evidence showing that his mental condition actually exacerbates his physical condition or vice versa.  Finally, while Plaintiff cited evidence that his medications <u>could</u> negatively affect his concentration, persistence and pace, he cited no evidence that his medications <u>do</u> affect his concentration, persistence and pace.  In fact, Plaintiff consistently denied experiencing side effects from his medications to his treating pain management physician despite being prescribed what Dr. Goren referred to as "huge doses" of methadone.  Tr. 145-49, 205-206, 230; Tr. 813-14.

In summary, the ALJ's written decision reflects that she thoroughly considered all of the medical evidence in determining that Plaintiff is not disabled under the Social Security regulations.  Plaintiff has not shown that the ALJ failed to consider the combined effect of his impairments in reaching her disability determination.  The ALJ's decision was well-supported, both factually and legally.

Accordingly, Plaintiff's objections to Magistrate Judge Litkovitz's Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED.  THIS CASE IS CLOSED.**

    **IT IS SO ORDERED**

Date February 18, 2014                      s/Sandra S. Beckwith
                                                  Sandra S. Beckwith
                                                Senior United States District Judge